IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| CHAMPION MEDIA, LLC d/b/a THE ROBESONIAN, )<br>) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This action is filed pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*, as amended and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Latasha Gilbert (Ms. Gilbert), who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the Commission) alleges that Defendant Champion Media, LLC d/b/a The Robesonian (Defendant), violated the ADA when it refused to provide a reasonable accommodation to Ms. Gilbert for her disability and denied her an employment opportunity because of her disability and/or her need for a reasonable accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) which incorporates by reference Sections

1

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, a North Carolina corporation, operated a number of local newspapers and periodicals including The Robesonian. Defendant also operates a printing facility in Lumberton, North Carolina (the "Facility").

6. At all relevant times, Defendant has continuously done business in the state of North Carolina and in Robeson County, North Carolina.

7. At all relevant times, Defendant has continuously maintained at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

9. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10. More than thirty (30) days prior to the institution of this lawsuit, Ms. Gilbert filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

11. Defendant responded to Ms. Gilbert's Charge of Discrimination and participated in all aspects of the Commission's administrative investigation.

12. On March 19, 2024, the Commissions issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated the ADA.

13. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

14. The Commission engaged in communications with Defendant to provide it with an opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

16. By letter dated June 14, 2024, the Commission notified Defendant that conciliation had failed.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Since at least April 2023, Defendant engaged in unlawful employment practices at the facility in violation of Sections 12112 (a) and (b)(5) by failing to provide a reasonable accommodation to Ms. Gilbert and by failing to hire Ms. Gilbert because of her disability.

19. Ms. Gilbert is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

3

20. Ms. Gilbert is deaf and uses American Sign Language (ASL) to communicate. Ms. Gilbert's deafness substantially limits her ability to hear and speak.

## COUNT I:
## Failure to Provide a Reasonable Accommodation in Violation of the ADA

21. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 above.

22. Defendant has engaged in unlawful employment practices at the Facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, including but not limited to Section 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by refusing to accommodate Ms. Gilbert.

23. Ms. Gilbert applied via Indeed.com to work as a Mailroom Inserter / Press position for Defendant at the Facility on or about March 29, 2023.

24. Based on a review of her application materials, Defendant selected Ms. Gilbert for an in-person interview on or about April 5, 2023.

25. Defendant's Regional Publisher contacted Ms. Gilbert by telephone and scheduled the in-person interview for April 6, 2023.

26. During the phone call, Ms. Gilbert explained that she was deaf and requested a sign-language interpreter be present at the in-person interview.

27. Ms. Gilbert uses a Video Relay Service (VRS) to communicate via telephone.

28. On or about April 5, 2023, Defendant discussed Ms. Gilbert's request and concluded that it would not contract with, or provide, sign-language interpreters during interviews.

29. Defendant called Ms. Gilbert, conveyed its decision not to provide a sign-language interpreter to her, and cancelled Ms. Gilbert's in-person interview.

30. At no time did Defendant offer Ms. Gilbert an alternative way to interview for the Mailroom Inserter / Press position.

31. Defendant failed to engage in a good faith interactive process to identify reasonable accommodations for Ms. Gilbert in the hiring process.

32. Defendant refused to provide Ms. Gilbert with a reasonable accommodation in the hiring process.

33. The practices complained of above are unlawful and in violation of the ADA.

34. The practices complained of above have deprived Ms. Gilbert of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

35. The practices complained of above were intentional.

36. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Gilbert.

37. As a direct and proximate result of Defendant's violation of the ADA, Ms. Gilbert suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT II:
## Failure to Hire in Violation of the ADA

38. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. Defendant has engaged in unlawful employment practices at the Facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, including but not limited to Section 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by refusing to hire Ms. Gilbert.

40. On or about April 5, 2023, Defendant rejected Ms. Gilbert's application and terminated her candidacy because of her deafness.

41. At all relevant times, Ms. Gilbert was qualified to perform the essential functions of the Mailroom Inserter / Press position with or without reasonable accommodation.

42. Between April 18, 2023 and August 2, 2023, Defendant hired at least ten non-deaf individuals to fill the Mailroom Inserter / Press position for which Ms. Gilbert applied.

43. Non-deaf individuals hired by Defendant for the Mailroom Inserter / Press position had less experience than Ms. Gilbert.

44. Non-deaf individuals hired by Defendant for the Mailroom Inserter / Press position for which Defendant sought candidates and to which Ms. Gilbert applied were less qualified than Ms. Gilbert.

45. The practices complained of above are unlawful and in violation of the ADA.

46. The practices complained of above have deprived Ms. Gilbert of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

47. The practices complained of were intentional.

48. The practices complained of were done with malice or with reckless indifference to the federally protected rights of Ms. Gilbert.

49. As a direct and proximate result of Defendant's unlawful conduct, Ms. Gilbert suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability in violation of the ADA or for opposing such unlawful employment practices;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Latasha Gilbert whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, instatement to a position and/or front pay.

D. Order Defendant to make Latasha Gilbert whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E. Order Defendant to make Latasha Gilbert whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay to Latasha Gilbert punitive damages for its willful, malicious, and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 8th day of August, 2024.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        KARLA GILBRIDE
        General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        MELINDA C. DUGAS
        Regional Attorney

        ZOE G. MAHOOD
        Supervisory Trial Attorney

        */s/ Samuel H. Williams*
        SAMUEL H. WILLIAMS
        N.C. Bar No. 49622
        Trial Attorney
        434 Fayetteville St., Suite 700
        Raleigh, NC 27601
        Phone: (984) 275-4820
        Email: Samuel.Williams@eeoc.gov

        */s/ Gabriel O. Mondino*
        GABRIEL O. MONDINO
        LA State Bar No. 31514
        Trial Attorney
        Richmond Local Office
        400 N. 8th Street, Suite 350

Richmond, Virginia 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412
Email: gabriel.mondino@eeoc.gov