IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 7:24-cv-00707-FL |
| v. | ) ) | |
| CHAMPION MEDIA, LLC d/b/a THE ROBESONIAN, | ) ) ) | |
| Defendant. | ) ) ) | |

**CONSENT DECREE**

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the United States Equal Employment Opportunity Commission ("Commission") and Champion Media, LLC d/b/a The Robesonian ("Defendant"), (collectively "the Parties"), and as entered by this Court.

**I.      BACKGROUND**

1.     The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA") which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Section 102 of the Civil Rights Act of 1991.

2.     The Commission's complaint alleges Champion Media, LLC d/b/a The Robesonian discriminated against Latasha Gilbert ("Ms. Gilbert") by refusing to provide her with a reasonable accommodation and refusing to hire her because of her disability in violation of the ADA. The agreement to enter into this Decree shall not be construed as an admission of liability by Defendant as to any allegations by the EEOC. Defendant denies the EEOC's allegations that it refused to hire

Ms. Gilbert on the basis of a disability.

3.  In the interest of resolving this matter, and to avoid the costs of further litigation, the Parties engaged in comprehensive settlement negotiations and have agreed that this action should be finally resolved by this Consent Decree (the "Decree") and that the Decree is final and binding on the Parties, their successors, and assigns.

## II.  FINDINGS

4.  Having carefully examined the terms and provisions of the Decree and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

   a.  This Court has jurisdiction over the Parties and the subject matter of this action;

   b.  The terms of the Decree are adequate, reasonable, equitable, and just;

   c.  The rights of the Parties and the public interest are adequately protected by the Decree;

   d.  The purpose and provisions of the ADA will be promoted and effectuated by the entry of the Decree;

   e.  The Decree constitutes the complete understanding between the Parties regarding the matters discussed herein; and,

   f.  The Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and effectively resolves all matters in controversy relating to the above-styled civil action and the underlying administrative charge.

## III.  TERMS

WHEREFORE, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

5.  This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of three (3) years from the date of entry by this Court.

6. If, at the end of the three-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

7. No party shall contest the jurisdiction of this Court to enforce the Decree and the terms hereunder, nor shall any party contest the right of the Commission to bring an enforcement action seeking compliance upon an alleged breach of any term of this Decree.

8. The Decree fully and finally resolves the claims asserted by the Commission in this action, styled above as *Equal Employment Opportunity Commission v. Champion Media, LLC d/b/a The Robesonian*, Civil Action No. 7:24-cv-00707-FL, and the claims asserted by Latasha Gilbert in the underlying administrative charge, identified as EEOC Charge No. 433-2023-02166.

9. The Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendant and all affiliated entities.

10. The terms of the Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendant.

11. No amendment or waiver of any provision of the Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. On behalf of the Commission, the authorized representative is the Regional Attorney for the Charlotte District Office. On behalf of Defendant, the authorized representative is Scott Champion.

12. If any provision of the Decree shall be deemed unenforceable, the remaining provisions

shall survive and remain in full force and effect.

## IV. INJUNCTIVE RELIEF

13. Defendant, its owners, officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendant, are hereby enjoined from discriminating against any employee or applicant for employment because of a disability, including hearing loss and/or deafness.

14. Defendant, its owners, officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendant, are hereby enjoined from failing to provide a reasonable accommodation for an individual with a disability, including hearing loss and/or deafness, during the application and hiring process.

15. Defendant, its owners, officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendant, are hereby enjoined from refusing to hire, promote or transfer any applicant or employee because that applicant or employee has a disability, including hearing loss and/or deafness.

16. Defendant, its owners, officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendant, agree to undertake an individualized "direct threat" analysis before determining that any applicant or employee with a disability, including hearing loss and/or deafness, constitutes a "direct threat" as defined by the ADA. The individualized "direct threat" analysis must consider the following factors: "(1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the imminence of the potential harm." 29 C.F.R. § 1630.2(r).

17. Defendant, its owners, officers, agents, servants, employees, successors, assigns, and all those in active concert or participation with Defendant, agree to create a specific process by which

Defendant will provide reasonable accommodations for disabilities, including American Sign Language (ASL) interpreters, to employees or applicants for employment if required by law.

## V. MONETARY RELIEF

18. Within fifteen (15) days of the entry of the Decree, Defendant shall pay the total gross amount of One Hundred and Two Thousand Five Hundred dollars and Zero cents ($102,500) (the "Settlement Payment") in full and final settlement of this civil action, *Equal Employment Opportunity Commission v. Champion Media, LLC d/b/a The Robesonian*, Civil Action No. 7:24-cv-00707-FL and EEOC Charge No. 433-2023-02166. This amount includes Twenty-Nine Thousand Seven Hundred and Thirty-Five Thousand and Forty-Two cents ($29,735.42) which shall be treated as approximately two (2) years of back wages. The Settlement Payment is a debt owed to the United States of America and the United States of America is entitled to collect such debt if payment is not made in accordance with the Decree.

19. Payment shall be made by issuing a check payable to Ms. Gilbert at the address provided by the Commission for the full amount of the Settlement Payment. A copy of the check shall be submitted to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

20. Neither the Commission nor Defendant makes any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that Ms. Gilbert may or may not incur on such payments under local, state, and/or federal law.

21. If the Commission is required to issue a Form 1098-F in connection with payments made under this Decree, the EIN and the name and address of the employee of Defendant to whom the copy of the Form 1098-F should be directed are as follows:

> Defendant's EIN: 82-14848383
> Name: Champion Media LLC
> Physical Address: 116 Morlake Dr., STE203
> Mooresville, NC 28117

The Commission has made no representations regarding whether the amount paid pursuant to this Consent Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

22. Within fifteen (15) days of entry of the Decree, Defendant shall eliminate from its personnel records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge No. 433-2023-02166 and the related events that occurred thereafter, including this litigation.

### A. POLICY REVISION

23. Within sixty (60) days of entry of the Decree and throughout its duration, Defendant shall revise or maintain employment policies that, at a minimum, provide the following:

   a. A statement that discrimination on the basis of a disability is unlawful and will not be tolerated;

   b. A statement that failing to provide a reasonable accommodation for an individual with a disability can be discrimination under the ADA;

   c. An explanation of prohibited conduct that could constitute disability discrimination;

   d. A process by which employees and applicants can make complaints of discrimination, including complaints relating to failure to provide a reasonable

accommodation for a disability;

e. Explicit assurances that employees who make complaints of discrimination or provide information related to such complaints will be protected against retaliation;

f. The complaint process shall include the option to file a complaint with any management employee, and/or any human resources employee. The process will include the contact information for each individual or entity to whom complaints can be filed;

g. A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding discrimination or complaints of discrimination report such information to their immediate supervisor;

h. A process that provides for prompt, thorough, and impartial investigation;

i. A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding discrimination or complaints of discrimination report such information;

j. Assurances that Defendant will protect the confidentiality of discrimination complaints to the extent possible;

k. Expected timetables for the commencement and completion of investigations;

l. A requirement that all information related to investigations be retained in a designated file for a minimum of five (5) years;

m. Assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination has occurred;

n. A requirement that any individual who engages in discrimination, fails to cooperate in a discrimination investigation, or retaliates against a person who reports discrimination or participates in an investigation may be subject to discipline, up to and including

termination of employment, and a record of such discipline shall be placed permanently in the individual's personnel file;

o. A requirement that supervisors and managers who permit discrimination to occur, fail to report discrimination, or fail to implement measures to remedy discrimination shall be subject to discipline, up to and including termination of employment, and a record of such discipline shall be placed permanently in the individual's personnel file;

p. A provision that, promptly upon the conclusion of its investigation of a complaint, the employer will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any;

q. A statement that Defendant's policies and procedures for reporting and investigating incidents of alleged discrimination will also apply to incidents of alleged retaliation;

r. A clearly defined process for an employee or applicant to request a reasonable accommodation;

s. A statement that employees and applicants may make a request for a reasonable accommodation to any management employee or human resources employee and an outline of the immediate steps that the management employee or human resources employee shall take in response to receiving such a request;

t. A statement that Management Officials shall document all requests for reasonable accommodations.

u. A statement that Defendant shall evaluate requests for reasonable accommodations on a case-by-case basis and provide each employee with a response to any requests for reasonable accommodation in writing;

v. A process for documenting and keeping records of all attempts to accommodate an

employee or applicant and the interactive process by which such attempts were made;

w. An automatic appeal process whenever a request for an accommodation is denied;

x. A formal policy for interviewing, hiring, and providing reasonable accommodations to applicants who identify as deaf or hearing impaired;

y. Detailed policies to ensure that a person with a vision, hearing, or speech disability can communicate with, receive information from, and convey information to Defendant;

z. Instructions describing how Defendant employees or applicants for employment can secure an ASL interpreter;

aa. A statement that the provision of an ASL interpreter or translator by Defendant can be a reasonable accommodation; and

bb. A statement directing employees to report incidents of discrimination and retaliation.

24. Within sixty (60) days of entry of the Decree, Defendant will communicate the policies to all employees by posting an electronic copy of the policies at each of the facilities owned or operated by Defendant and posting the policies in each employee's Employee Profile in Defendant's payroll system. Defendant shall certify compliance with this provision and provide copies of the communications to the Commission fifteen (15) days thereafter.

25. Defendant will include a statement on job postings and advertisements for vacancies at Defendant's Lumberton, North Carolina facility that Defendant's policies provide for reasonable accommodations for applicants upon request.

26. Within forty-five (45) days after the entry of this Consent Decree, Defendant's President shall prepare, sign, and distribute a letter in the Defendant's Paycor employment system addressed to Defendant's employees that contains, at a minimum, the following information:

a. Discrimination based on a disability violates the ADA;

b. Defendant has an anti-discrimination and harassment policy to prevent discrimination and harassment-based disability;

c. All managers, assistant managers, and employees are expected to read and act in accordance with the attached anti-discrimination and harassment policy;

d. Discrimination or harassment based on disability will not be tolerated and may be grounds for disciplinary action, up to and including termination of employment;

e. Employees who report discrimination and/or harassment based on disability will not be subject to retaliation;

f. Resources can be made available for reasonable accommodations as contemplated by the ADA. Any such requests should be directed to Human Resources or Corey or Scott Champion.

g. Retaliation will not be tolerated against employees who (i) report harassment and/or discrimination, (ii) file of a charge of discrimination or retaliation, (iii) give testimony or assistance regarding a report of discrimination, (iv) give testimony or assistance regarding a charge of discrimination, or (v) participate in any investigation, proceeding, or hearing under ADA.

Within fifteen (15) days after the distribution of the letter described herein, Defendant shall report compliance with the terms of this Paragraph to the Commission.

**B.     TRAINING**

27. During the term of the Decree, Defendant shall provide an annual in-person training program of at least one (1) hours to all employees at the Defendant's Lumberton, North Carolina facility. The annual training requirement can be satisfied by employees attending each training session in-person with the training presented by an in-person or remote presenter. Each training

program shall include an explanation of:

  a. The requirements of the ADA;

  b. The ADA's prohibition against discrimination and harassment on the basis of disability;

  c. The ADA's prohibition against retaliation for engaging in activity protected by the ADA; and

  d. Defendant's reasonable accommodation and/or ADA policy and the process by which an employee can request a reasonable accommodation.

28. The first training program shall be completed within sixty (60) days of the entry of the Decree. At least fifteen (15) days prior to the first program, Defendant will submit the agenda to the EEOC. Thereafter, Defendant will submit any changes made to the agenda at least fifteen (15) days prior to each subsequent annual training. Defendant shall submit to the Commission an agenda for the training program by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

29. Within ten (10) days after each program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with the date and time the training took place; the location of the training; the manner in which the training was delivered; the duration of the training; a statement confirming that all agenda items and materials previously provided to the Commission for approval were presented to the attendees at the training; and a roster of all employees in attendance.

30. Within thirty (30) days of the entry of the Decree, Defendant shall require employees Denise Ward, Horace Skipper, Corey Champion, Scott Champion, and any Human Resources employees to attend a separate one-time, in-person training program relating to the requirements

of the ADA. The program shall be a minimum length of two (2) hours. The program shall include an explanation of:

    a.      The requirements of the ADA;

    b.      The ADA's prohibition against discrimination and harassment on the basis of disability;

    c.      The ADA's prohibition against retaliation for engaging in activity protected by the ADA; and

    d.      Defendant's reasonable accommodation and/or ADA policy and the process by which an employee can request a reasonable accommodation.

**C.      POSTING OF NOTICE TO EMPLOYEES**

31.      Within ten (10) days of entry of the Decree, and continuing throughout the term of the Decree, Defendant shall conspicuously post the attached Employee Notice (Exhibit A) in a place or places where it is visible to all employees in the Defendant's Lumberton North Carolina Facility. The Employee Notice shall be on paper that is no smaller than 8.5 in x 11 in. If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice. Within fifteen (15) days of the entry of the Decree, Defendant shall notify the Commission that the Employee Notice has been posted pursuant to this provision.

**D.      COMPLIANCE REPORTS**

32.      During the term of the Decree, Defendant shall provide the Commission with reports at six (6) month intervals, beginning four (4) months after entry of the Decree. The reports will include the following information:

    a.      The identity of each employee or applicant who requested a reasonable accommodation;

12

Case 7:24-cv-00707-FL     Document 25     Filed 06/11/25     Page 12 of 19

b. For each individual identified above, Defendant will provide the individual's name, address, telephone number, date of the reasonable accommodation request, what accommodation the employee or applicant requested, whether the request was granted or denied, and the reason for the denial if the request was denied. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

33. The Commission may review compliance with the Decree. As part of the review and with five business days' notice to Defendant, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents.

34. If, at any time during the term of the Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have thirty (30) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of twenty (20) days or such other period as may be agreed upon by the Parties, in which to engage in negotiation regarding the alleged violation before the Commission exercises any remedy provided by law. However, where the Commission believes that the violation presents an imminent threat to the health, safety, or welfare of one or more of Defendant's employees or where Defendant fails to make timely payment, the Commission retains the right to seek immediate intervention by the Court.

**E.   ADA COMPLIANCE**

35. Defendant shall monitor compliance with the ADA and provisions of this Decree. Defendant may hire or appoint an EEO/ADA coordinator to assist with this process. In monitoring compliance, Defendant shall:

   a. Generally, ensure that Defendant carries out the spirit of the Decree and compliance with the ADA.

b. Review and revise Defendant's policies to ensure compliance with the ADA including ensuring that Defendant's reasonable accommodation policy conforms with the ADA, disability discrimination laws, and the provisions of the Decree.

c. Provide or oversee effective training to Defendant's employees on their rights and responsibilities under the ADA including, but not limited to, Defendant's responsibilities to provide reasonable accommodations and Defendant's policies and procedures for requesting reasonable accommodations.

d. Ensure Defendant creates a centralized system of tracking requests for accommodation and the steps taken to engage the employee in the interactive process.

e. Ensure that all reports required by the Decree are accurately compiled and timely submitted.

f. Receive and process requests for reasonable accommodations;

g. Participate in or review any interactive process to ensure compliance with the ADA and terms of the Decree;

h. Participate in or review any decision regarding the provision or denial of any accommodation to ensure compliance with the ADA and the terms of the Decree;

i. Review every accommodation to ensure the accommodation remains a reasonable accommodation (i.e., effective) with regard to all terms, conditions, benefits, and privileges of employment, including both essential and non-essential aspects of the job;

j. Review any change in terms and conditions of employment where the employee has a medical impairment or where the employee requested an accommodation to ensure the employment action is not based on the employee's actual disability, record of disability, or perceived disability.

k. Receive, process, and investigate complaints of disability discrimination and retaliation; and

l. Communicate with employees regarding the status and resolution of requests for accommodations and complaints of discrimination.

## IV. DURATION OF DECREE

36. The term of the Decree shall be for three (3) years from its entry by the Court.

## V. JURISDICTION

37. During the duration of the Decree, the Court shall retain jurisdiction of this cause for purposes of monitoring compliance with the Decree and entry of such further orders as may be necessary or appropriate. The Commission may seek Court-ordered enforcement of the Decree in the event of a breach of any provision herein.

## VI. NOTICES

38. All notices to Defendant by the Commission pursuant to the Decree shall be sent by electronic mail to: Scott Champion at scott@championcarolinas.com. If at any time during the term of the Decree, Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

39. All reports or other documents sent to the Commission by Defendant pursuant to the Decree shall be sent by electronic mail to EEOC-CTDO-decree-monitoring@eeoc.gov.

## VII. MISCELLANEOUS PROVISIONS

40. The Decree shall be binding on Defendant for three (3) years and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of the Decree.

41. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

It is so ORDERED on this the 11th day of June, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

[SIGNATURE PAGE FOLLOWS]

The remainder of this page left blank intentionally.

Considered and agreed to by:

_/s/ Melinda C. Dugas_  
Melinda C. Dugas, Regional Attorney  
EEOC Charlotte District

_/s/ Scott Champion_  
Scott Champion  
Chief Executive Officer

Jointly submitted:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHAMPION MEDIA, LLC

ANDREW B. ROGERS
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

ZOE MAHOOD
Assistant Regional Attorney

By Counsel:

SAMUEL H. WILLIAMS
N.C. Bar No. 49622
Trial Attorney
434 Fayetteville St., Suite 700
Raleigh, NC 27601
Phone: (984) 275-4820
Email: Samuel.Williams@eeoc.gov

*Counsel for Plaintiff EEOC*

BENJAMIN P. FRYER
North Carolina Bar No. 39254
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: (980) 282-1905
bfryer@fordharrison.com

*Counsel for Defendant Champion Media, LLC d/b/a The Robesonian*

Submitted June 3, 2025

Considered and agreed to by:

_____  _____
Melinda C. Dugas, Regional Attorney  Scott Champion
EEOC Charlotte District  Chief Executive Officer

Jointly submitted:

EQUAL EMPLOYMENT  CHAMPION MEDIA, LLC
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

ZOE MAHOOD
Assistant Regional Attorney


By Counsel:

Samuel Williams  *Digitally signed by Samuel Williams*
*Date: 2025.06.03 13:30:02 -04'00'*

_____  *[signature: Benjamin Fryer]*
SAMUEL H. WILLIAMS  _____
N.C. Bar No. 49622  BENJAMIN P. FRYER
Trial Attorney  North Carolina Bar No. 39254
434 Fayetteville St., Suite 700  FORDHARRISON LLP
Raleigh, NC 27601  6000 Fairview Road, Suite 1415
Phone: (984) 275-4820  Charlotte, NC 28210
Email: Samuel.Williams@eeoc.gov  Telephone: (980) 282-1905
 bfryer@fordharrison.com

*Counsel for Plaintiff EEOC*  *Counsel for Defendant Champion Media, LLC d/b/a The Robesonian*


Submitted June 3, 2025

# **EMPLOYEE NOTICE** 

1. This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Champion Media, LLC d/b/a The Robesonian in a case of alleged discrimination based on disability.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, color, religious, race, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3. Champion Media, LLC will comply with such federal laws in all respects. Furthermore, Champion Media, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S Equal Employment Opportunity Commission.

Employees have the right to report allegations of employment discrimination in the workplace. An employee may contact their local U.S Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for at least three (3) years by agreement with the EEOC.

**DO NOT REMOVE THIS NOTICE UNTIL:**

[INSERT DATE]

**EXHIBIT A**

17

Case 7:24-cv-00707-FL   Document 25   Filed 06/11/25   Page 19 of 19